UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

MICHAEL SHILBAUER,

    Plaintiff,

v.      Case No. 23-CV-1158

AARON HAGLUND, *et al.*,

    Defendants.

**ORDER**

On January 30, 2024, plaintiff Michael Shilbauer, who is incarcerated and representing himself, filed a motion to appoint counsel. (ECF No. 16.) On February 5, 2024, Shilbauer filed a motion to amend his complaint (ECF No. 20) along with a proposed amended complaint (ECF No. 20-1). Additionally, on January 9, 2024, the court issued an order informing Shilbauer that one of the named defendants, identified as "Stanovich," was not employed during the time frame stated in his complaint. (ECF No. 15.) The court ordered Shilbauer to clarify the identity of "Stanvoich" by March 11, 2023. On March 6, 2024, Shilbauer filed a motion to correct the identity of "Stanovich." (ECF No. 24.) This order resolves these motions.

**MOTION TO APPOINT COUNSEL (ECF NO. 16)**

Shilbauer requests the court appoint him counsel. In a civil case the court has discretion to recruit a lawyer for individuals who cannot afford to hire one. *Navejar*

*v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013); 28 U.S.C. §1915(e)(1); *Ray v. Wexford Health Sources, Inc.*, 706 F.3d 864, 866-67 (7th Cir. 2013). "[D]eciding whether to recruit counsel 'is a difficult decision: Almost everyone would benefit from having a lawyer, but there are too many indigent litigants and too few lawyers willing and able to volunteer for these cases.'" *Henderson v. Ghosh*, 755 F.3d 559, 564 (7th Cir. 2014) (quoting *Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014)).

In exercising its discretion, the court must consider two things: "(1) 'has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so,' and (2) 'given the difficulty of the case, does the plaintiff appear competent to litigate it himself?'" *Eagan v. Dempsey*, 987 F.3d 667, 682 (7th Cir. 2021) (quoting *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007)). And, given the scarcity of pro bono counsel resources, the court may also consider the merits of a plaintiff's claim and what is at stake. *Watts v. Kidman*, No. 21-1055, 2022 WL 3038877, at *6 (7th Cir. Aug. 2, 2022).

To satisfy the first prong the court must determine that a plaintiff made a good faith effort to hire counsel. *Pickett v. Chicago Transit Authority,* 930 F.3d 869, 871 (7th Cir. 2019). "This is a mandatory, threshold inquiry that must be determined before moving to the second inquiry." *Eagan*, 987 F.3d at 682. Shilbauer included responses from attorneys with his motion, satisfying the first prong. (ECF No. 16-1.)

"The second inquiry requires consideration of both the factual and legal complexity of the plaintiff's claims and the competence of the plaintiff to litigate those claims." *Eagan*, 987 F.3d at 682. When considering the second prong, the court "must

2

examine the difficulty of litigating specific claims and the plaintiff's individual competence to litigate those claims without counsel." *Pennewell v. Parish*, 923 F.3d 486, 490 (7th Cir. 2019). The court looks at "whether the difficulty of the case, factually, legally, and practically, exceeds the litigant's capacity as a layperson to coherently litigate the case." *Id*. This includes "all tasks that normally attend litigation," such as "evidence gathering, preparing and responding to court filings and motions, navigating discovery, and putting on a trial." *Id.* at 490-491. The court "must consider the plaintiff's literacy, communication skills, education level, litigation experience, intellectual capacity, psychological history, physical limitations and any other characteristics that may limit the plaintiff's ability to litigate the case." *Id.* at 491. In situations where the plaintiff files his motion in the early stages of the case, the court may determine that it is "impossible to tell whether [the plaintiff] could represent himself adequately." *Pickett* 930 F.3d at 871.

Shilbauer states he needs an attorney because he has no legal experience and he is experiencing delays in getting information from the law library and the defendants. The court has not yet entered a scheduling order because not all of the named defendants have answered the complaint. Once all the named defendants answer the complaint the court will issue a scheduling order that describes the discovery process and the dispositive motion process. Also, because Shilbauer was allowed to proceed against Doe Nurse defendants, the scheduling order will provide information on how to use the discovery process to uncover their identities and provide them to the court.

3

Shilbauer has shown that he is capable of participating in the discovery stage of litigation without an attorney. As explained below, he has successfully fixed the identity issue with one of the named defendants. Also, he has successfully amended his complaint. Based on these filings and other communications with the court, the court believes that Shilbauer is able to litigate this case on his own. If his circumstances change and he encounters obstacles that prevent him from litigating his case, he may renew his motion at that time.

## MOTION TO AMEND THE COMPLAINT (ECF NO. 20)

In his motion to amend the complaint Shilbauer states that he wants to correct the time frame of the incident. In his original complaint Shilbauer asserted the time frame was December 2020. (ECF no. 1, ¶¶ 5, 17.) He has since learned that the events actually took place in December 2021. Shilbauer also asserts that he wants to add additional John Doe correctional officers because they "likely" were aware that his leg was infected. (ECF No. 20, ¶ 5.)

Leave to amend a pleading should be freely given "when justice so requires." *See* Fed. R. Civ. P. 15(a)(2). The decision as to whether to allow the amendment is within the discretion of the district court. *Foman v. Davis*, 371 U.S. 178, 182 (1962). Reasons for denying a motion to amend include "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." *Id.* at 182.

4

The court will grant Shilbauer's motion to amend the complaint. Because he is incarcerated, the Prison Litigation Reform Act requires the court to screen the amended complaint. 28 U.S.C. § 1915A(a). The court must dismiss a complaint if the prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

The allegations in Shilbauer's amended complaint are substantially similar to the allegations in his original complaint. The only differences are the time frame and the addition of the John Doe correctional officers. As such, Shilbauer may still proceed against the defendants for the claims stated in the court's November 8, 2023, screening order. (ECF No. 8.)

The court notes that the time frame should be December 2021. For that reason, the amended complaint (ECF No. 20-1) is now the operative complaint. However, the court will not allow Shilbauer to add any additional John Doe correctional officers. To allege deliberate indifference to medical needs, a plaintiff must state "that an official *actually* knew of and disregarded a substantial risk of harm." *Petties v. Carter*, 836 F.3d 722, 728 (7th Cir. 2016) (emphasis in original). The fact that additional correctional officers "likely" were aware about Shilbauer's leg infection is not sufficient to state a claim against them. The John Doe correctional officers are dismissed.

**MOTION TO CORRECT THE IDENTITY OF "STANOVICH" (ECF NO. 24)**

Shilbauer states that "Stanovich" is actually Correctional Officer Miladin Stojanovic. The court grants Shilbauer's motion and will substitute Miladin Stojanovic for "Stanovich" and serve him as described below.

**IT IS THEREFORE ORDERED** that Shilbauer's motion to appoint counsel (ECF No. 16) is **DENIED without prejudice**.

**IT IS FURTHER ORDERED** that Shilbauer's motion to amend the complaint (ECF No. 20) is **GRANTED in part**. The court accepts the amended time frame. To the extent that the amended complaint is adding new John Doe defendants, the motion to amend the complaint is **DENIED**. The amended complaint (ECF No. 20-1) is now the operative complaint as described above.

**IT IS FURTHER ORDERED** that Shilbauer's motion to correct the identity of "Stanovich" (ECF No. 24) is **GRANTED**. "Stanvoich" will be replaced with Miladin Stojanovic. Under an informal service agreement between Milwaukee County and this court, a copy of the complaint and this order have been electronically transmitted to Milwaukee County for service on Stojanovic. It is **ORDERED** that, under the informal service agreement, Stojanovic shall file a responsive pleading to the complaint within 60 days.

Dated in Milwaukee, Wisconsin this 8th day of April, 2024.

        BY THE COURT

        *William E. Duffin*

        WILLIAM E. DUFFIN
        United States Magistrate Judge