# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**MICHAEL SHILBAUER,**

Plaintiff,

**v.** **Case No. 23-CV-1158**

**AARON HAGLUND, *et al.*,**

Defendants.

---

## ORDER

---

On March 20, 2026, plaintiff Michael Shilbauer filed a motion to identify John and Jane Doe defendants for the following claims for deliberate indifference to his medical needs: 1) the Doe nurses from whom he requested care after he put in a medical request ("blue slip") in December 2021; 2) the Doe nurses who allegedly failed to appropriately administer his antibiotics; and 3) the Doe male Nurse Practitioner who allegedly ignored worsening symptoms and continued to prescribe ineffective antibiotics. (ECF No. 97.) Because all these defendants were employed by Wellpath, Inc., they are collectively referred to as the "Wellpath Defendants."

On April 10, 2026, the court granted Shilbauer's motion to identify the Doe defendants and replaced the Doe placeholders with the following defendants: NP Ronald Schmidt, Dr. Cooney, RN C. Carstens, RN Ki Weaver, RN Ja Bennett,

LPN/LVN Alyssa Hagerty, LPN Cara Jerdee, LPN Denise Lisowiski, LPN Hazel Hicks, and LPN Abbey Holland. (ECF No. 98.)

On June 16, 2026, these defendants moved pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss the claims against them because the Doe defendants were not identified before the statute of limitations period ran. (ECF No. 111.) The motion is fully briefed and ready for a decision.

## STANDARD

"To survive a motion to dismiss under Rule 12(b)(6), a complaint must 'state a claim for relief that is plausible on its face.' . . . Factual allegations are accepted as true at the pleading stage, but 'allegations in the form of legal conclusions are insufficient to survive a Rule 12(b)(6) motion.'" *Adams v. City of Indianapolis,* 742 F.3d 720, 728-29 (7th Cir. 2014) (citations omitted). The allegations must "permit the court to infer more than the mere possibility of misconduct." *Olson v. Champaign Cty., Ill.*, 784 F.3d 1093, 1099 (7th Cir. 2015) (citations omitted). At this stage, the court should not ask whether the allegations actually occurred but instead should ask whether they could have occurred. *Id.*

The court is able to resolve the motion by relying solely on the complaint, the docket entries, and by taking judicial notice of the court record. *Gen. Elec. Cap. Corp. v. Lease Resol Corp.*, 128 F.3d 1074, 1081-82 (7th Cir. 1997). As such, the court will analyze this case using the motion to dismiss standard and does not need to convert this into a motion for summary judgment.

## PROCEDURAL HISTORY

Shilbauer filed suit on August 30, 2023. (ECF No. 1.) On November 8, 2023, the court screened his complaint and allowed Shilbauer to proceed against the Doe defendants in addition to named defendants who were correctional officers. (ECF No. 8.) In the screening order the court informed Shilbauer that he would not be able to identify the Doe defendants until after the named defendants answered the complaint and the court issued a scheduling order that contained instructions on how to identify the Doe defendants. (*Id.* at 9.)

Due to several service issues and because Shilbauer filed an amended complaint (which still contained the claims against the Doe defendants), the named defendants did not answer the amended complaint until June 7, 2024. (ECF No. 37.) The court issued a scheduling order on June 10, 2024, giving Shilbauer until September 12, 2024, to identify the Doe defendants. (ECF No. 38.)

On September 3, 2024, the named defendants filed a motion for summary judgment on the ground that Shilbauer failed to exhaust his administrative remedies before filing this lawsuit. (ECF No. 44.) On October 30, 2024, Shilbauer filed a motion to stay the case deadlines, including identifying the Doe defendants, pending resolution of the named defendants' motion for summary judgment on exhaustion grounds. (ECF No. 54.) The court granted that motion via text only order on October 31, 2024, staying the case deadlines. (ECF No. 57.)

The court denied the named defendants' motion for summary judgment on April 22, 2025. (ECF No. 65.) The following day the court issued an amended

scheduling order that directed Shilbauer to identify the Doe defendants by June 23, 2025. (ECF No. 66.) Shilbauer filed several motions for extensions of time to identify the Doe defendants, ultimately moving the deadline to identify the Doe defendants to January 9, 2026. (ECF Nos 67-69, 72, 75, 77, 82, 87.)

Shilbauer filed a motion to identify the Doe defendants on January 8, 2026. (ECF No. 93.) On February 24, 2026, the court denied that motion because, although Shilbauer provided a list of over 60 people, he did not state who was actually involved in the alleged constitutional violations. (ECF No. 96.) The court gave Shilbauer one final opportunity to identify the Doe defendants by March 23, 2026. (*Id.* at 3.)

On March 20, 2026, Shilbauer filed another motion to identify the Doe defendants (ECF No. 97), which, as stated above, the court granted on April 10, 2026 (ECF No. 98).

## ANALYSIS

The Wellpath Defendants argue that they were not timely identified as defendants pursuant to the applicable statute of limitations—which they contend is three years from_the date Shilbauer learned that his medical care was inadequate.

Section 1983 does not contain a limitations period, so federal courts adopt the limitations period applicable to personal injury claims under state law. *Devbrow v. Kalu*, 705 F.3d 765, 767 (7th Cir. 2013). In Wisconsin, "the applicable residual statute for § 1983 claims is Wis. Stat. § 893.53." *D'Aquisto v. Love,* No. 20-c-1034, 2020 WL 5982895 at *1, (E.D. Wis. Oct. 8, 2020). During the time period relevant here, Wis. Stat. § 893.53 provided for a three-year statute of limitation period.

It is undisputed that Shilbauer's claim against the Wellpath defendants began to accrue on December 26, 2021, the date that he learned his medical care was inadequate. The Wellpath Defendants argue that Shilbauer thus had until December 26, 2024, in which to bring a claim against them and that neither the relation back doctrine under Fed. R. Civ. P. 15(c)(1) nor equitable tolling applies. (ECF No. 112 at 8-11.) Shilbauer argues that the three-year statute of limitations did not begin to run until the court entered the scheduling order on June 10, 2024. Thus, he had until June 10, 2027, to identify the Doe defendants. (ECF No. 116 at 3.)

Equitable tolling may apply when Doe defendants are identified after the statute of limitations period has run as long as the lawsuit was commenced before the statute had run. *Herrera v. Cleveland*, 8 F.4th 493, 497 (7th Cir. 2021). "Federal courts use the tolling rules of whichever jurisdiction supplies the statute of limitations." *Degrave v. D.O.C.*, Case No. 21-cv-256-wmc, 2021 WL 5371393 at *2 (W.D. Wis. Nov. 18, 2021) (citing *Shropshear v. Corp. Counsel of City of Chi.*, 275 F.3d 593, 595 (7th Cir. 2001)). In Wisconsin, the state "case law on equitable tolling is sparse, but it is clear that . . . tolling is available only when the plaintiff's failure to meet a filing deadline is out of the plaintiff's control or occurred despite the plaintiff's due diligence." *Stallings v. Duran*, Case No. 22-CV-1330-JPS, 2023 WL 3170241 at * 1 (E.D. Wis. Apr. 28, 2023) (citations omitted).

In other words, "[e]quitable tolling halts the limitations clock 'when a litigant has pursued his rights diligently but some extraordinary circumstance prevents him from bringing a timely action.'" *Herrera*, 8 F.4th at 499 (quoting *Xanthopoulous v.*

*U.S. Dept. of Lab.*, 991 F.3d 823, 831 (7th Cir. 2021)). In the Eastern District of Wisconsin, where a court's management of the case and the procedural history and posture of the case interfered with a plaintiff's ability to identify the Doe defendants before the expiration of the limitations period, courts have equitably tolled the limitations period. *Juarez v. May*, Case No. 21-CV-1092, 2023 WL 7386199 at *2 (E.D. Wis. Nov. 8, 2023); *Eaton v. Carrol*, 827 F.Supp.3d 1084, 1089-91 (E.D. Wis. March 25, 2026).

From December 26, 2021, when the statute of limitations began to run, until August 30, 2023, when Shilbauer filed his complaint, 1 year, 8 months, and 4 days had passed. The statute of limitations period is tolled while the court screens the plaintiff's complaint. *See Howard v. Clover,* Case No. 20-cv-1768-pp, 2023 WL 2391322 at * 2 (E.D. Wis. March 7, 2023) (listing cases).

After the court screened the complaint on November 8, 2023, the statute of limitations remained tolled because the court instructed Shilbauer to wait to identify the Doe defendants until after the named defendants had answered the complaint and the court issued a scheduling order. (ECF No. 8 at 9.) The court did not issue a scheduling order until June 10, 2024, because of several issues with serving the named defendants (including attempting to locate some of them), and Shilbauer filing an amended complaint, which resulted in the named defendants not answering until June 7, 2024. (*See* ECF Nos. 15, 21-24, 26, 31, 37.)

The statute of limitations began to run again from June 10, 2024, until October 31, 2024, when the court stayed all case deadlines, including the deadline to identify

the Doe defendants, pending resolution of the named defendants' motion for summary judgment on exhaustion grounds. (ECF No. 57.) Courts often stay the case deadlines pending resolution of a motion for summary judgment on exhaustion grounds for efficiency's sake and to conserve judicial resources. Thus, another 4 months and 21 days ran on the statute of limitations period before the court stayed the deadline for identifying the Doe defendants and tolled the statute of limitations period. The court did not reinstate the deadline for identifying the Doe defendants until April 23, 2025, when it issued an amended scheduling order after resolving the named defendants' summary judgment motion. (ECF No. 66.)

At that point, considering the amount of time that the statute of limitations period was tolled due to the procedural history of the case, a total of 2 years and 25 days had passed, leaving 11 months and 5 days remaining in the statute of limitations period as of April 23, 2025. Adding 11 months and 5 days to April 23, 2025, results in the limitations period expiring on March 29, 2026.

After several extensions, Shilbauer filed a motion to identify the Doe defendants on March 20, 2026—nine days before the end of the limitations period.

The delays that occurred prior to April 23, 2025, that interfered with Shilbauer's ability to identify the Doe defendants were mostly outside of Shilbauer's control. In particular, the issues with serving the named defendants are not a typical cause of delay in the average prisoner case. As such, it would not be equitable to find that the claim against the Wellpath Defendants are time-barred. Because it is clear

equitable tolling applies, the court need not consider whether the relation back doctrine applies. The Wellpath Defendants' motion to dismiss is denied.

The court also notes that on September 14, 2026, Shilbauer filed a motion for leave to file an amended complaint. (ECF No. 120.) When a plaintiff seeks to amend his complaint, Civil Local Rule 15 (b) requires that he must file a motion to amend the complaint that states "specifically what changes are sought by the proposed amendments. The proposed amended pleadings must be filed as an attachment to the motion to amend." Civil Local Rule 15(a) requires that the proposed amended complaint must be reproduced in its entirety, "and may not incorporate any prior pleading by reference." While Shilbauer's motion outlines the changes sought, he did not include a proposed amended complaint with the motion. As such, his motion is denied.

**IT IS THEREFORE ORDERED** that the Wellpath Defendants' motion to dismiss (ECF No. 111) is **DENIED**.

**IT IS FURTHER ORDERED** that Shilbauer's motion to amend the complaint (ECF No. 120) is **DENIED**.

Dated in Milwaukee, Wisconsin this 21st day of October, 2026.

BY THE COURT

William E. Duffin

WILLIAM E. DUFFIN
United States Magistrate Judge